IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MANUEL REYES<br>(BOP Register No. 49461-177), | §<br>§<br>§ | |
| Movant, | §<br>§ | |
| V. | §<br>§ | No. 3:16-cv-2074-L-BN |
| UNITED STATES OF AMERICA, | §<br>§<br>§ | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Movant Manuel Reyes, a federal prisoner, proceeding *pro se*, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. *See* Dkt. No. 2. This civil action has been referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss the Section 2255 motion under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, because "it plainly appears … that [Reyes] is not entitled to relief." *Id.*

**Applicable Background**

Reyes pleaded guilty to one count of illegal reentry after removal from the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2), and he was sentenced to 63 months' imprisonment, a sentence within the range calculated under the advisory

-1-

sentencing guidelines (57 to 71 months, a range based on a total offense level of 21 and a criminal history category of IV). Pertinent to his Section 2255 motion, Reyes's base offense level was enhanced by 16 levels under U.S.S.G. § 2L1.2(b)(1)(A)(ii), because he had a prior conviction in state court in Texas for aggravated robbery with a deadly weapon, a crime of violence.

Reyes claims that the prior Texas conviction is not a crime of violence under Section 2L1.2(b)(1)(A)(ii) and that the "[s]tatutory definition of 'crime of violence' in 18 U.S.C. 16" – which for the reasons explained below does not apply to the sentencing enhancement Reyes received – "is unconstitutionally vague on its face." Dkt. No. 2.

## Legal Standards and Analysis

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the United States Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act" ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii) – under which "violent felony" includes any felony that "involves conduct that presents a serious potential risk of physical injury to another" – "violates the Constitution's guarantee of due process," 135 S. Ct. at 2563. The Supreme Court has made that decision retroactively applicable. *See Welch v. United States*, 136 S. Ct. 1257 (2016).

Whether *Johnson* should be expanded to other criminal statutes containing similarly worded language – and even to similar language in the advisory sentencing guidelines – is certainly an issue before many courts at the moment. *See, e.g.*, *In re Fields*, ___ F.3d ____, No. 16-50521, 2016 WL 3383460 (5th Cir. June 17, 2016) (per curiam) (refusing to authorize a successive, *Johnson*-based challenge "to the differently

worded 'crime of violence' definition in" 18 U.S.C. § 924(c)(3)(B)); *Beckles v. United States*, ___ S. Ct. ____, No. 15-8544, 2016 WL 1029080 (U.S. June 27, 2016) (granting petition for certiorari to address, among other things, whether *Johnson* applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2) and whether *Johnson*'s constitutional holding applies to the residual clause in Section 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review).

But, even if *Johnson*'s holding is expanded to the sentencing guidelines, it will not benefit Reyes.

To understand why this is the case, the Court must examine two subsections under U.S.S.G. § 2L1.2(b) regarding specific-offense-characteristic enhancements applicable to a conviction for unlawfully entering or remaining in the United States.

The first – the one Reyes admits is applicable to him – is Section 2L1.2(b)(1)(A):

If the defendant previously was deported, or unlawfully remained in the United States, after –

(A) a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months; (ii) a crime of violence; (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) an alien smuggling offense, increase by 16 levels if the conviction receives criminal history points under Chapter Four or by 12 levels if the conviction does not receive criminal history points.

*Id.*

A "crime of violence" as used in Section 2L1.2(b)(1)(A)

means any of the following offenses under federal, state, or local law: Murder, manslaughter, kidnapping, aggravated assault, forcible sex

-3-

>offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2, cmt. n.1(B)(iii).

The United States Court of Appeals for the Fifth Circuit recently explained:

>To qualify for the enhancement under § 2L1.2(b)(1)(A)(ii), the crime of conviction must fall within one of two discrete categories of offenses. The first is a list of enumerated offenses.... The other ... is a "catch-all" provision, which defines a crime of violence as an "offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another."

*United States v. Hernandez-Hernandez*, 817 F.3d 207, 211 (5th Cir. 2016) (quoting *United States v. Ceron*, 775 F.3d 222, 227 (5th Cir. 2014) (in turn citing U.S.S.G. § 2L1.2, cmt. n.1(B)(iii)); footnote omitted).

Reyes's prior Dallas County, Texas conviction for aggravated robbery with a deadly weapon fits within the first category, as an enumerated offenses. *See United States v. Sanchez-Lopez*, 493 F. App'x 557, 558 (5th Cir. 2012) (per curiam) ("Robbery is an enumerated crime of violence under § 2L1.2, comment. (n.1(B)(iii)). In *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 378-82 (5th Cir. 2006), we held that the definition of robbery under Texas Penal Code § 29.02 substantially corresponds to the generic, contemporary meaning of robbery and thus qualifies as an enumerated offense under § 2L1.2. Accordingly, it follows that the offense of aggravated robbery, as set forth in § 29.03 of the Texas Penal Code, is also a crime of violence because it includes every element required for a conviction under § 29.02." (citation omitted)).

But, even if Reyes's prior conviction was not an enumerated offense, and if the "catch-all" provision was triggered, "crime of violence" as defined in Section 2L1.2(b)(1)(A)(ii)'s "catch-all" provision is not the same as "violent felony" as defined in ACCA.

As the United States Court of Appeals for the Eleventh Circuit has observed,

> confusion in this respect is understandable, for we have observed that whether a crime constitutes a "violent felony" under the ACCA involves an inquiry strikingly similar to that in determining whether a conviction is a "crime of violence" under U.S.S.G. § 4B1.1(a) inasmuch as the definitions for both are virtually identical. However, the sentencing guideline at issue in this case, U.S.S.G. § 2L1.2, defines "crime of violence" very differently than the ACCA does, so cases dealing with the definition of a "violent felony" under the ACCA are not applicable here.

*United States v. Contreras*, 739 F.3d 592, 598 (11th Cir. 2014) (citing *United States v. Harris*, 586 F.3d 1283, 1285 (11th Cir. 2009), and *United States v. Cortes-Salazar*, 682 F.3d 953, 957 (11th Cir. 2012); some internal quotation marks omitted); *see also Ontiberos-Silberio v. United States*, Case No. 1:15-cv-213 & Crim. No. B-13-282-1, 2016 WL 922434, at *4 (S.D. Tex. Jan. 29, 2016), *rec. adopted*, 2016 WL 1047395 (S.D. Tex. Mar. 9, 2016) ("Section 2L1.2(a) does not have a residual clause resembling the clause in the ACCA. Likewise, § 2L1.2(b)(1)(A)(ii) does not have a residual clause resembling the clause in the ACCA." (citations omitted)).

The second subsection is Section 2L1.2(b)(1)(C). The undersigned addresses this subsection not only because Reyes implicates it in his third ground of relief, *see* Dkt. No. 2 at 9, but also to explain at least in part why so many *Johnson*-based challenges to enhanced sentences for illegal reentry have been filed recently in this Court. *See, e.g., Sanchez-Sanchez v. United States*, No. 3:16-cv-1434-D-BN, 2016 WL 3752975

(N.D. Tex. May 31, 2016), *rec. adopted*, 2016 WL 3670041 (N.D. Tex. July 11, 2016).

Section 2L1.2(b)(1)(C) was recently addressed by a panel of the Fifth Circuit. In *United States v. Gonzalez-Longoria*, 813 F.3d 225 (5th Cir. 2016), *reh'g en banc granted*, 815 F.3d 189 (5th Cir. 2016), the three-judge panel, applying *Johnson*, held that 18 U.S.C. § 16's statutory definition of "crime of violence" is unconstitutionally vague. The panel decision in *Gonzalez-Longoria* was vacated when the Fifth Circuit granted rehearing en banc and is now of no precedential value. *See Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 468 (5th Cir. 2013) ("'Unless otherwise expressly provided, the granting of a rehearing en banc vacates the panel opinion and judgment of the court and stays the mandate.' 5TH CIR. R. 41.3. Once the panel decision is vacated, it is of no precedential value." (internal quotation marks omitted)). But, even if that were not the case, by its terms, the *Gonzalez-Longoria* panel decision does not apply to all persons convicted under 8 U.S.C. § 1326 who received an enhancement based on a prior conviction. It merely applied to those who received an eight-level enhancement because they "previously committed an 'aggravated felony' under U.S.S.G. § 2L1.2(b)(1)(C)." *Gonzalez-Longoria*, 813 F.3d at 227.

Beginning with *Johnson* and working forward,

> in *Johnson*, the [Supreme] Court held that the ACCA violated the constitutional prohibition against vague criminal statutes by defining "violent felony" as any crime that "is burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B). [18 U.S.C. §] 16 contains a similar definition: a "crime of violence" is "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The Seventh and Ninth Circuits have both held that this language is

> sufficiently similar to the ACCA's language to suffer the same unconstitutional fate. *United States v. Vivas-Ceja*, 808 F.3d 719, 720 (7th Cir. 2015); *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015). We agree, and accordingly hold § 16 unconstitutional.

*Id.* at 226-27 (emphasis in original).

Many movants fail to appreciate that Section 16's definition of "crime of violence" does not apply to all sentencing-guideline enhancements that could apply "[i]f the defendant previously was deported, or unlawfully remained in the United States after" certain convictions. U.S.S.G. § 2L1.2(b)(1).

As to a prior conviction "for an aggravated felony," which requires an "increase of 8 levels," *id.* § 2L1.2(b)(1)(C), the Fifth Circuit panel explained in *Gonzalez-Longoria*,

> "'aggravated felony' has the meaning given that term in 8 U.S.C. § 1101(a)(43)." Section 1101(a)(43), in turn, defines an "aggravated felony" as any of a list of offenses, including "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment is at least one year." Section 16 defines "crime of violence" as
>
> > (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> >
> > (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* at 227 (brackets in original omitted).

There, the government did not contend that the defendant's applicable conviction qualified under Section 16(a), which thus implicated the "crime of violence" definition in Section 16(b). *See id.*

And as the *Gonzalez-Longoria* panel noted – critical to Reyes's sentence – "U.S.S.G. § 2L1.2 separately defines 'crime of violence.' Gonzalez-Longoria's offense undisputedly did not satisfy the *§ 2L1.2* definition of 'crime of violence'; the doubt is about the *§ 16* definition of 'crime of violence,' which is relevant to the § 2L1.2 definition of 'aggravated felony.'" *Id.* at 227 n.1 (emphasis in original).

Quite simply, *Johnson* – even as applied in the *Gonzalez-Longoria* panel decision – affords Reyes no relief, because he did not receive an eight-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C) due to a prior "aggravated felony" based on 18 U.S.C. § 16(b).

For all the above reasons, it "plainly appears" that Reyes "is not entitled to relief" on his Section 2255 motion, and the motion should be summarily dismissed. *See* Rule 4(b), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS.

**Recommendation**

The Court should summarily dismiss the Section 2255 motion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 8, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE